# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ABBY L. BOYES,**
**Claimant Below, Petitioner**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-2**   (JCN: 2021008259)

**HOSPICE OF SOUTHERN WEST VIRGINIA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Abby L. Boyes appeals the December 6, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Hospice of Southern West Virginia, Inc. ("HSWV") filed a timely response.[1] Ms. Boyes did not file a reply. The issues on appeal are whether the Board erred in affirming the claim administrator's orders, which 1) denied the claimant's request to add a crushing injury of right foot, ligament disorder of the right foot, Morton's neuroma, and capsulitis of the right foot as compensable conditions under the claim; 2) denied authorization for right foot surgery; 3) denied a referral to a neurologist; 4) closed the claim for TTD benefits; and 5) denied a request for Lyrica.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is affirmed, in part, vacated, in part, and this case is remanded for further proceedings consistent with this decision.

Ms. Boyes suffered a workplace injury on October 21, 2020, while employed by HSWV, when a bariatric bed rolled over her right foot. Ms. Boyes was seen at MedExpress the day of the injury and she was diagnosed with contusion of the right foot. On October 27, 2020, the claim administrator issued an order holding the claim compensable for contusion of the right foot. On October 28, 2020, Ms. Boyes underwent an x-ray of her right foot, which revealed degenerative changes, and a slight angulation at the proximal phalanx of the third toe that was attributed to an old, healed injury.

---

[1] Ms. Boyes is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. HSWV is represented by Charity K. Lawrence, Esq.

On November 4, 2020, Ms. Boyes was seen by Kevin D. Brown, DPM. Ms. Boyes reported that she suffered a right foot injury at work. Dr. Brown diagnosed her with capsulitis of the right foot, Morton's neuroma of third interspace of the right foot, and other enthesopathies. On November 10, 2020, Ms. Boyes underwent an MRI of her right foot, which revealed mild osteoarthritis and soft-tissue swelling adjacent to the 4th and 5th metatarsals, associated with a soft-tissue contusion or cellulitis.

Ms. Boyes submitted a Diagnosis Update form dated November 25, 2020, requesting the addition of capsulitis of the right foot and Morton's neuroma as compensable components of the claim. On December 16, 2020, James Dauphin, M.D., completed a Physician Review report. Dr. Dauphin opined that Morton's neuroma was not associated with the compensable injury because they are rarely traumatic conditions, however he also stated that "[h]aving said that, I do appreciate that this is really a crushing injury of the foot, and, therefore, will not behave according to set timeframes." The claim administrator issued an order dated December 30, 2020, which denied the addition of capsulitis of the right foot and Morton's neuroma as compensable components of the claim based on the report of Dr. Dauphin.

Ms. Boyes returned to work part-time on February 3, 2021. On April 14, 2021, Ms. Boyes was again seen by Dr. Brown. The examination revealed mild swelling to the subtalar joint laterally, which Dr. Brown opined was most likely due to the compensable injury. Dr. Brown requested authorization for a referral to neurology for peripheral nerve evaluation due to Ms. Boyes' diagnosis of capsulitis and authorization for Lyrica.

On June 9, 2021, Ms. Boyes was examined by Stephen F. Conti, M.D. Dr. Conti diagnosed Ms. Boyes with a contusion of the right foot, possible third toe fracture which was healed, and edema. Dr. Conti opined that the edema could be explained by mild residual inflammation or general swelling due to Ms. Boyes' weight and diabetes. Dr. Conti further opined that Ms. Boyes had fully recovered from her compensable injury and could return to work without restrictions.

Dr. Brown requested authorization for a right foot excision of neuroma with plantar plate repair on June 14, 2021. On June 21, 2021, the claim administrator issued an order, which suspended TTD benefits based upon Dr. Conti's opinion that Ms. Boyes could return to work. Ms. Boyes protested this order. Randall L. Short, M.D., completed a Physician Review report dated June 21, 2021. The issue presented was whether excision of a Morton's neuroma with plantar repair was medically necessary and related to the compensable injury. Dr. Short opined that the requested treatment should not be authorized. On June 28, 2021, the claim administrator issued an order, which denied authorization for right foot excision of neuroma with plantar plate repair.

On August 6, 2021, Dr. Brown opined that Ms. Boyes developed plantar plate instability at the 2nd metatarsal that had manifested over the past three to four months. Dr.

Brown further opined that Ms. Boyes was unable to work and would likely require surgery to repair her plantar plate and remove her neuroma. On August 23, 2021, Rebecca Thaxton, M.D., completed a Physician Review report. The issue presented was whether Lyrica and a neurology referral should be authorized. Dr. Thaxton opined that the requested treatment should not be authorized. Dr. Thaxton further opined that Ms. Boyes' weight and diabetes could account for the request for Lyrica and the neurology referral.

Ms. Boyes underwent an excision of a Morton's neuroma on her right foot on August 24, 2021. Dr. Brown's post-operative assessment was crushing injury of the right foot; disorder of ligament, right foot; Morton's neuroma of third interspace of the right foot; capsulitis of metatarsophalangeal of the right foot; and localized edema. On August 25, 2021, Ms. Boyes submitted a Diagnosis Update, requesting that capsulitis and Morton's neuroma be added to the claim as compensable conditions. The claim administrator issued an order dated August 26, 2021, which denied authorization for a referral to neurology and Lyrica. Ms. Boyes protested this order. On September 9, 2021, Dr. Brown opined that Ms. Boyes could not return to work until October 12, 2021.

On February 17, 2022, Dr. Thaxton drafted a second report regarding Ms. Boyes' diagnosis of capsulitis of the right foot. Dr. Thaxton reported that the capsulitis diagnosis refers to pathology of the tendons and/or ligaments where they attach to the bones. After reviewing x-rays and an MRI of Ms. Boyes' right foot, Dr. Thaxton found that neither revealed evidence of tendon or ligamentous disruption. Thus, Dr. Thaxton opined that the evidence did not support a diagnosis of capsulitis.

On December 6, 2022, the Board issued an order affirming the claim administrator's orders, which denied Ms. Boyes' request to add a crushing injury of right foot, ligament disorder of the right foot, Morton's neuroma, and capsulitis of the right foot as compensable conditions under the claim; denied authorization for excision of a Morton's neuroma on the right foot; denied a referral to a neurologist; denied authorization for Lyrica; and closed the claim for TTD benefits. Ms. Boyes now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;

3

(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Boyes argues that Dr. Brown, her treating physician, was in a better position to determine whether her diagnoses and requested treatment were related to her injury. Ms. Brown also argues that the medical evidence does not support the Board's conclusion regarding the requested diagnoses, requested treatment, or TTD benefits. Ms. Boyes further argues that the Board erred in failing to analyze the requested diagnoses under Supreme Court of Appeals of West Virginia holdings in the cases of *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016) and *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). We agree that the Board should have performed an analysis of the requested diagnoses under *Gill* and *Moore*.

The Supreme Court held in *Gill*:

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Gill* at 738, 783 S.E.2d at 858. syl. pt. 3.

The Court clarified its position in *Moore*, holding:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

*Moore* at ___, 879 S.E.2d at 781. syl. pt. 5.

4

The Board found that the evidence established that Ms. Boyes' diagnoses of a crushing injury of right foot, ligament disorder of the right foot, Morton's neuroma, and capsulitis of the right foot were not related to her compensable injury. The Board relied on Dr. Thaxton's report determining that the evidence did not support a diagnosis of capsulitis of the right foot based on her review of an MRI and x-rays of Ms. Boyes right foot. The Board adopted Dr. Dauphin's opinion that Morton's neuroma was not compensable as it is rarely a traumatic condition. The Board further determined that crushing injury to the right foot was not compensable because Dr. Brown opined that it caused the Morton's neuroma and capsulitis of the right foot and, as those diagnoses were determined to be noncompensable, crushing injury was also noncompensable. Thus, the Board determined that Ms. Boyes' requests for authorization for excision of a Morton's neuroma on the right foot, a referral to a neurologist, and authorization for Lyrica were properly denied. Further, the Board determined that the claim was properly closed for TTD benefits since only noncompensable conditions prevented Ms. Boyes from returning to work.

Upon review, we conclude that the Board was not clearly wrong in determining that Ms. Boyes' plantar plate instability has not been held compensable in this claim and, thus, affirming the denial of her request for plantar plate repair surgery. Also, the Board was not clearly wrong in determining that there was insufficient evidence to establish that Ms. Boyes suffered capsulitis of the right foot based on the report of Dr. Thaxton. Further, the Board was not clearly wrong in affirming the denial of authorization for Lyrica and a referral to neurology as these requests were related to the noncompensable diagnosis of capsulitis.

However, we find that the Board's analysis was inadequate when it decided that the diagnoses of crushing injury of right foot, ligament disorder of the right foot, and Morton's neuroma were not compensable. Thus, we find the Board's ruling on these conditions was clearly wrong due to a lack of the required analysis. The Board should have performed its analysis of these conditions under the guidance of the Supreme Court of Appeals of West Virginia's holdings in the cases of *Moore* and *Gill*. Further, because the Board failed to perform the appropriate analysis, Ms. Boyes' request for the authorization of excision of Morton's neuroma and the closure to the claim for TTD benefits should be reevaluated.

Accordingly, we affirm, in part, and vacate, in part, the Board's December 6, 2022, order, and remand this matter to the Board for further proceedings consistent with this decision.

Affirmed, in part. Vacated and Remanded, in part.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

5

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen